UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DONALD RAY BURNETTE, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 1:20-cv-146, 1:96-cr-103 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Donald Ray Burnette's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-146; Doc. 100 in Case No. 1:96-cr-103). Petitioner and the Government agree that Petitioner is eligible for relief as to his conviction and sentence under 18 U.S.C. § 924(c), Count Five of the superseding indictment, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Doc. 1, at 1, in Case No. 1:20-cv-146; Doc. 5, at 1, in Case No. 1:20-cv-146.) For the following reasons, Petitioner's motion will be **GRANTED**.

### I. BACKGROUND

In 1997, a jury found Petitioner guilty of bank robbery, in violation of 18 U.S.C. § 2113 (Count One); using and carrying a firearm during and in relation to a crime of violence—the bank robbery—in violation of 18 U.S.C. 924(c) (Count Four); two counts of kidnapping, in violation of 18 U.S.C. § 1201 (Counts Two and Three); and using and carrying a firearm during and in relation to a crime of violence—the kidnappings—in violation of 18 U.S.C. § 924(c) (Count Five). (Docs. 63, 80 in Case No. 1:96-cr-103). He received a sentence of 468 months'

imprisonment, consisting of concurrent 168-month terms for robbery and kidnapping and statutorily mandated consecutive terms of 60 and 240 months, respectively, for the two § 924(c) convictions. (Doc. 80 in Case No. 1:96-cr-103.)

Petitioner appealed, the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence, and the United States Supreme Court denied *certiorari*. *United States v. Burnette*, 170 F.3d 567 (6th Cir. 1999), *cert denied*, 528 U.S. 908 (1999). The Court later reduced Petitioner's sentence to 462 months' imprisonment. (Doc. 94 in Case No. 1:96-cr-103.) Petitioner filed the instant motion under 28 U.S.C. § 2255 on June 11, 2020. (Doc. 1 in Case No. 1:20-cv-146.)

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Timeliness of the Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion

created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is timely. His motion is based on the constitutional rule announced in *Davis*, which the Sixth Circuit has held is new and retroactive. *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020). Petitioner filed his motion on June 11, 2020 (Doc. 1 in Case No. 1:20-cv-146), within a year of *Davis*, 139 S. Ct. 2319, which was decided on June 24, 2019. Therefore, Petitioner's motion is timely under § 2255(f)(3).

### B. Merits of the Petition

Section 924(c) criminalizes the use or carrying of a firearm "during and in relation to" a federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Violations of the federal kidnapping statute, 18 U.S.C. § 1201, do not qualify as crimes of violence under the clause in 924(c)(3)(A)—known as the use-of-force clause. *Knight v. United* States, 936 F.3d 495, 497 (6th Cir. 2019). And the Supreme Court held in *Davis* that the clause in § 924(c)(3)(B)—known

as the residual clause—is unconstitutionally vague. 139 S. Ct. at 2336. Therefore, after *Davis*, kidnapping under 18 U.S.C. § 1201 is not a "crime of violence" under either of the two clauses. As a result, Petitioner's convictions for kidnapping on Counts Two and Three cannot be predicates for his 924(c) conviction on Count Five.

Petitioner is eligible for relief under § 2255 because his conviction on Count Five depended on the unconstitutionally vague residual clause in § 924(c)(3) and was, therefore, "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Petitioner's conviction on Count Five therefore must be vacated.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:20-cv-146; Doc. 24 in Case No. 1:96-cr-103) is **GRANTED**. Petitioner's conviction and sentence for violating 28 U.S.C. § 924(c), Count Five of the superseding indictment, is **VACATED**. A resentencing hearing is set for October 2, 2020, at 9:00 a.m., during which Petitioner will be resentenced on the remaining counts of the superseding indictment.[1] The Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available to meet with his attorney before the hearing. The United States Probation Office is **DIRECTED** to prepare a revised presentence report that includes the now-applicable guideline range.

**SO ORDERED**.

---

[1] Petitioner and the Government agree that this is the appropriate course of action. (Doc. 1, at 1, in Case No. 1:20-cv-146; Doc. 5, at 1, in Case No. 1:20-cv-146); *see United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018).

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**